FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10<br><br>Defendants. | NO. _____<br><br>**COMPLAINT**<br><br>JURY DEMANDED |

Plaintiffs, ROBERT BELL and LESLIE BELL, by and through their attorneys of record, allege and claim as follows upon personal knowledge and upon information and belief upon all other matters:

COMPLAINT - 1

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

## I.   PARTIES

1.     Defendant KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER ("Valley Medical Center") is a Public Hospital District, which is a government entity established by Washington State statute.  RCW 70.44.003.  Valley Medical Center is managed as a component of UW Medicine, subject to the oversight of a Board of Trustees, and is a "state actor" under 42 U.S.C. § 1983.  Valley Medical Center is and was a hospital located in Renton, Washington, holding itself out as providing various health services to patients, including emergency mental health care and at all times material hereto Valley Medical Center provided health care services directly through its employees. Valley Medical Center fell far below the applicable standard of care in its acts and omissions regarding Matthew Bell, was grossly negligent, and caused his death.  In addition, Valley Medical Center knowingly maintained policies, established procedures, and protocols that put Matthew Bell, a patient taken there involuntarily, and all other similarly situated patients, at an increased risk of serious harm and death.

2.     Defendants   ERIN   ABOUDARA,   BERNIE   DOCHNAHL,   LISA BRANDENBURG, BARBARA DRENNEN, PETER EVANS, JIM GRIGGS, GARY KOHLWES, MIKE MILLER, LAWTON MONTGOMERY, JULIA PATTERSON, VICKI ORRICO, DONNA RUSSELL, and TAMARA SLEETER are members of the Board of Trustees that oversees the healthcare operations of Valley Medical Center ("Valley Board Defendants").  Valley Board Defendants are responsible for oversight of all aspects of Valley Medical Center's operation—including establishing policy, maintaining quality patient care, providing for institutional management and planning, and ensuring compliance with all applicable state and federal laws.  In carrying out these responsibilities, each of the Valley Board Defendants had a fiduciary duty and a duty to act in good faith, with reasonable care, in a

COMPLAINT - 2

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    manner believed to be in the best interests of Valley Medical Center and patients. Each Valley

2    Board Defendant must comply with all duties and obligations owed by a public officer under

3    the laws of the state of Washington. The policies and established practices implemented by

4    Valley Board Defendants created danger—a fact that was known and obvious to Valley Board

5    Defendants. Each and every Valley Board Defendant is a "state actor" under 42 U.S.C. § 1983.

6    Each and every Valley Board Defendant fell far below the applicable standard of care, were

7    grossly negligent, and caused the death of Matthew Bell. Each and every Valley Board

8    Defendant knowingly maintained policies, established procedures, and protocols that put

9    Matthew Bell, and all other similarly situated patients, at an increased risk of serious harm and

10   death.

11           3.      Defendant ELIZABETH SCHAUMBERG is a mental health professional

12   employed by Defendant Valley Medical Center and, as such, is a "state actor" under 42 U.S.C.

13   § 1983. Defendant Shaumberg was working on December 3, 2016, and assisted with the

14   treatment of Matthew Bell. Defendant Schaumberg failed to follow well-established protocols

15   for involuntary commitment procedures, and with deliberate indifference to the rights of

16   Matthew Bell, failed to provide Matthew Bell with mental health care that met the standard of

17   care in Washington. Within two hours of Matthew Bell's untimely discharge, he committed

18   suicide. Defendant Shaumberg fell far below the applicable standard of care in her acts and

19   omissions regarding Matthew Bell, was grossly negligent, and caused his death. Defendant

20   Shaumberg knew that her acts and omissions would result in serious harm and/or death to

21   Matthew Bell, but affirmatively took those acts and omissions, in willful disregard of the injury

22   that would befall Matthew Bell.

23           4.      Defendant WHITNEY ALEXANDER is a medical professional employed by

24   Defendant Valley Medical Center and, as such, is a "state actor" under 42 U.S.C. § 1983.

25   COMPLAINT - 3

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   Defendant Alexander was working on December 3, 2016, and assisted with the treatment of

2   Matthew Bell.  Defendant Alexander failed to follow well-established protocols for involuntary

3   commitment procedures, and with deliberate indifference to the rights of others, failed to

4   provide Matthew Bell with mental health care that met the standard of care in Washington.

5   Within two hours of Matthew Bell's untimely discharge, he committed suicide.  Defendant

6   Alexander fell far below the applicable standard of care in her acts and omissions regarding

7   Matthew Bell, was grossly negligent, and caused his death.  Defendant Alexander knew that her

8   acts and omissions would result in serious harm and/or death to Matthew Bell, but affirmatively

9   took those acts and omissions, in willful disregard of the injury that would befall Matthew Bell.

10        5.       Defendant MARK THOMASSEAU is a mental health professional employed by

11   Defendant Valley Medical Center and, as such, is a "state actor" under 42 U.S.C. § 1983.

12   Defendant Thomasseau was working on December 3, 2016, and assisted with the treatment of

13   Matthew Bell.   Defendant Thomasseau failed to follow well-established protocols for

14   involuntary commitment procedures, and with deliberate indifference to the rights of others,

15   failed to provide Matthew Bell with mental health care that met the standard of care in

16   Washington. Within two hours of Matthew Bell's untimely discharge, he committed suicide.

17   Defendant Thomasseau fell far below the applicable standard of care in his acts and omissions

18   regarding Matthew Bell, was grossly negligent, and caused his death.  Defendant Thomasseau

19   knew that his acts and omissions would result in serious harm and/or death to Matthew Bell, but

20   affirmatively took those acts and omissions, in willful disregard of the injury that would befall

21   Matthew Bell.

22        6.       Defendant JEFFREY GOON is a mental health professional employed by

23   Defendant Valley Medical Center and, as such, is a "state actor" under 42 U.S.C. § 1983.

24   Defendant Goon was working on December 3, 2016, and assisted with the treatment of Matthew

25   COMPLAINT - 4

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

Bell. Defendant Goon failed to follow well-established protocols for involuntary commitment procedures, and with deliberate indifference to the rights of others, failed to provide Matthew Bell with mental health care that met the standard of care in Washington. Within two hours of Matthew Bell's untimely discharge, he committed suicide. Defendant Goon fell far below the applicable standard of care in his acts and omissions regarding Matthew Bell, was grossly negligent, and caused his death. Defendant Goon knew that his acts and omissions would result in serious harm and/or death to Matthew Bell, but affirmatively took those acts and omissions, in willful disregard of the injury that would befall Matthew Bell.

7.      Defendants John and Jane Doe 1-10 are employees of Defendant Valley Medical Center and, as such, are "state actors" under 42 U.S.C. § 1983. Defendants John and Jane Doe 1-10 fell far below the applicable standard of care in their acts and omissions regarding Matthew Bell, were grossly negligent, and caused his death. Defendants John and Jane Doe 1-10 affirmatively insured that Matthew Bell was improperly discharged on December 3, 2016, and acted with deliberate indifference to the danger that they created by performing these affirmative acts.

8.      Plaintiff ROBERT BELL is the duly appointed Administrator of the Estate of his deceased son, MATTHEW BELL. Plaintiff Robert Bell and his wife, Plaintiff Leslie Bell, had a long-standing custodial relationship with Matthew Bell such that together they constituted an existing family unit. Plaintiff Robert Bell brings all claims available to the Estate of Matthew Bell and himself under state and federal law.

9.      Plaintiff LESLIE BELL is the mother of Matthew Bell. Plaintiff Leslie Bell and her husband, Plaintiff Robert Bell, had a long-standing custodial relationship with Matthew Bell such that together they constituted an existing family unit. Plaintiff Leslie Bell brings all claims available under state and federal law.

COMPLAINT - 5

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

## II.   JURISDICTION AND VENUE

10.   The acts alleged herein occurred in King County, Washington.   Defendants are also situated in King County.   Therefore, jurisdiction and venue are proper pursuant to RCW 4.12.020.

11.   Moreover, Defendant Valley Medical Center is a public hospital district and "suits against the public hospital district shall be brought in the county in which the public hospital district is located."   RCW 70.44.060.

## III.   STATUTORY COMPLIANCE

12.   On March 5, 2018, Plaintiffs filed an administrative claim for damages with Defendant Valley Medical Center, King County, and Washington State.

13.   More than sixty (60) days have lapsed since Plaintiffs properly presented this claim for damages to Defendant Valley Medical Center.

14.   Any prerequisite to the maintenance of this action imposed by RCW 4.96 has therefore been satisfied.

## IV.   STATEMENT OF FACTS

15.   At the time of his death, Matthew Bell ("Matt") had a loving and supportive family.

16.   Leslie and Bob married on June 27, 1981, when Matt was seven years old.   Bob adopted Matt and his two brothers in 1981.   Together they lived a happy, loving, and peaceful life.

17.   Unfortunately, despite having loving parents and a stable family, Matt began exhibiting signs of acute mental illness when he was nine years old.

18.   Matt saw a counselor to address the traumas he had suffered and was preliminarily diagnosed with Bipolar Disorder.

COMPLAINT - 6

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

19.     When Matt was in high school, his family convinced him to accept help for depression.  However, after seeking treatment, his health records were leaked to a high school teacher, and the parent of Matt's girlfriend, who used them against Matt and demanded that Matt end the relationship.  This created a lifelong distrust of mental health personnel.

20.     While in high school, Matt's family came home to find Matt in his room with a loaded gun.  Matt was distraught and intent on committing suicide.  Bob pleaded with Matt that suicide was not the answer and was able to convince Matt to give him the gun.

21.     After Matt graduated high school he moved to Eugene, Oregon to attend the University of Oregon.

22.     Matt married his first wife in May of 1999.  They both attended University of Alaska in Anchorage before divorcing in June of 2002.  A short while later, Matt decided to pursue his love of fishing as a career.  In May of 2006, he moved to Kona, Hawaii to work as a deckhand on a charter fishing boat.  He was a tremendously talented and successful deckhand.

23.     In May of 2008, Matt married his second wife in Kona, Hawaii.  They moved to Key West, Florida and later divorced in 2013.

24.     Matt was severely injured in 2012 while working as a deckhand on a charter fishing boat.  After having surgery on his knee, he began treatment with a counselor that specialized in traumatic injuries.  She thought Matt might be suffering from post-traumatic stress disorder ("PTSD") due to some trauma that he had experienced as a child.

25.     While living in Key West, Matt met his on-again/off-again girlfriend, Feather.  Matt lived with her on her sailboat until their breakup in March of 2015.   Matt moved back to Alaska and pursued a position as a deckhand on a commercial fishing boat.  After much urging by Matt's family, Matt agreed to make an appointment with his family doctor to seek treatment for depression and anxiety.  Matt's doctor recommended that he voluntarily commit himself to a

COMPLAINT - 7

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1  psychiatric facility because he believed Matt was suicidal.  During this hospitalization, Matt was

2  diagnosed with PTSD.

3      26.     In August of 2015, Matt decided to move to Maui, Hawaii for a fresh start.  He

4  quickly found a job working as deckhand on a charter boat.

5      27.     Shortly after moving to Maui, Matt sought treatment with a PTSD specialist.  He

6  knew that he needed help and was committed to working through his past trauma.

7      28.     In February of 2016, Feather moved to Maui to live with Matt.  However, the

8  relationship between Matt and Feather deteriorated and Feather left suddenly without warning in

9  October of 2016.

10     29.     On November 3, 2016, Matt's boss, the captain of a charter boat, found out that

11 Matt was in treatment for PTSD and Matt was publically fired from his job and labeled "a

12 psycho."

13     30.     Matt's life was spiraling out of control.  He knew that the fishing community in

14 Maui was small and that he would be unable to get a job on another boat due to the stigma of

15 receiving treatment for PTSD.

16     31.     Without the knowledge of his family, Matt booked a plane ticket to Miami,

17 Florida, and rented a car and drove to the Florida Keys with the intention of killing himself.  At

18 the last minute, Matt decided to confront Feather, who was living in Key West, for the pain she

19 caused him.

20     32.     However, Matt stopped himself from knocking on her door.  Instead, he called

21 Leslie and told her that he was outside Feather's house.  Leslie was able to persuade Matt to

22 drive back to Miami and fly home.

23     33.     After Matt returned to Maui, he moved to Kona where he hoped to find a job as a

24 deckhand.  Matt was unhappy and continued to be depressed.

25 COMPLAINT - 8

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    34.   On November 29, 2016, Matt decided to move to Portland to rekindle his

2    relationship with his second wife. They signed a lease and put a deposit down on an apartment.

3    However, the relationship, and Matt's mental state, quickly deteriorated.

4    35.   Matt needed help and he turned to his family, in particular his younger brother

5    Anders.

6    36.   Anders and Matt talked at great length about what Matt's next step should be.

7    They discussed all the options Matt had and which one would be best for his overall wellbeing,

8    including his mental health.

9    37.   Anders had experience dealing with Matt's mental illness and knew that Matt was

10   a master at hiding his emotional state from everyone but those closest to him. Anders could tell

11   that Matt was suffering from severe depression and needed to leave Portland quickly.

12   38.   As Anders and Matt discussed potential cities, Matt found something wrong with

13   every suggestion Anders had. Anders suggested that Matt come to Alaska to visit, just for a few

14   weeks to make a plan, but Matt refused. Matt only wanted to move to Florida. Anders worried

15   that being in Florida would put Matt too close to his ex-girlfriend, Feather. Matt reassured

16   Anders that Bradenton, Florida would be safe and he had a job lined up and a friend he could

17   stay with.

18   39.   Anders knew that Matt needed to get out of Portland and away from his volatile

19   relationship with his second wife, so he reluctantly agreed to buy Matt a plane ticket to Tampa,

20   Florida, with a layover in Seattle. Anders also wired Matt $400 to buy food and clothes for

21   work.

22   40.   On December 2, 2016, Matt's flight left Portland at 9:45 p.m. arriving at SeaTac

23   Airport at 10:32 p.m.

24

25   COMPLAINT - 9

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

41.     Matt called Anders at 12:50 a.m. while waiting for his next flight.  Anders could tell that Matt was exhausted and depressed.  Anders told Matt that he was proud of him for getting himself out of a difficult situation.  Matt then told Anders he had a confession to make.  Matt told Anders that there was no job or friend expecting him in Bradenton.  Matt explained that his trip to Florida several weeks earlier was not about confronting Feather, it was to carry out his plan to commit suicide.

42.     Matt explained in great detail of his plan to hang himself from the rigging of Feather's boat, which was dry-docked in Key Largo, and then setting the boat on fire.  On his previous trip Matt had purchased the supplies he needed, including ropes, fuel, and flares, to carry out his suicide plan.  It was only at the last minute that Matt decided to confront Feather and then called Leslie.  Matt had planned to use the money that Anders had wired to him to get from Tampa to Key Largo, where Feather's boat was located.  Anders knew from the level of detail and the tone of Matt's voice that he was committed to killing himself.

43.     Anders told Matt that he wouldn't finance his death and Matt responded, "I know, that's why I called you."  Matt appeared to be having second thoughts about committing suicide and he knew that by telling Anders of his plan, Anders would stop him.

44.     Anders knew that Leslie and Bob were on a plane en route to SeaTac airport on their way back home to Alaska.  Leslie's plane was scheduled to land at SeaTac airport at 12:15 p.m. on December 3, 2016—roughly twelve hours from that phone call.

45.     Anders enlisted the help of his wife who called the Port of Seattle Police Department ("Port Police") to report Matt's acute suicidal ideation and plan.  Anders continued to talk to Matt, and Matt told him that he felt cowardice for not killing himself the last time he was in Florida because suicide was the only way to stop his pain and that he was mad at himself for all the times he had "chickened out" in the past when he had attempted or planned on

COMPLAINT - 10

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   committing suicide.  Anders tried to convince Matt that it was not cowardice to have second

2   thoughts about suicide, in fact it was courageous to continue to live and fight through the pain.

3        46.   Anders knew that the Port Police were in the airport looking for Matt and he

4   thought that as soon as Matt was in the custody of the Port Police he would be safe.

5        47.   Anders was still talking to Matt when he heard the Port Police in the background.

6   Matt said goodbye to Anders and told him that he loved him.  Just before 2:00 a.m. on December

7   3, 2016, Port Police made contact with Matt and involuntarily took him into custody in the

8   SeaTac Airport.  During this process, Matt was separated from his cell phone when the Port

9   Police failed to secure all of Matt's belongings as they involuntarily took him into custody.

10        48.   The Port Police Officer that made contact with Matt called Anders a few minutes

11   later to discuss Matt's mental health status.  Anders explained to the Officer that Matt had a

12   detailed suicide plan, was acutely suicidal, and that Matt was skilled at covering his mental

13   illness and suicidality.  Based on the information that Anders provided, and Matt's demeanor, the

14   officer was concerned that Matt was a serious danger to himself.  The Port Police made

15   arrangements to transport Matt by ambulance to Valley Medical Center for psychiatric

16   evaluation and involuntary psychiatric hold.  While Matt's demeanor was calm, he was

17   transported in restraints and involuntarily because the Port Police knew that if given the

18   opportunity Matt would harm himself.

19        49.   Once Matt was taken into custody, Anders cancelled his flight to Florida.

20        50.   At 3:54 a.m. Anders called Valley Medical Center to provide the mental health

21   professional that would be treating Matt with his mental health history and to tell them that Matt

22   was absolutely, without a doubt, acutely suicidal with a detailed plan.  Anders talked with

23   Defendant Schaumberg, the counselor on duty at that time, for 33 minutes. Anders provided

24   Defendant Schaumberg with a detailed history of Matt's mental illness, including his voluntary

25   COMPLAINT - 11

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    hospitalization in 2015, his distrust of mental health professionals, and his diagnosis of PTSD.

2    Moreover, Anders told Defendant Schaumberg that Matt was charming, intelligent, and very

3    skilled at hiding his mental illness.   Anders told Defendant Schaumberg of Matt's acute

4    suicidality, his detailed plan to commit suicide, and that Matt had already purchased all the

5    supplies and was intent on following through with his plan to commit suicide this time.  Anders

6    told Defendant Schaumberg very specifically that if Matt were discharged with no plan in place

7    and with no family present, Matt would die.

8         51.    Matt was involuntarily admitted to Valley Medical Center at 3:12 a.m.   The

9    ambulance report stated that Matt "was having Sl (suicide ideation) for a while now, over a

10   week" and described Matt as a "danger to self/others."

11        52.    At 3:18 a.m. Matt was triaged by a registered nurse and scored as "high risk" by

12   the Columbia-Suicide Severity Rating Scale ("C-SSRS") screening and was immediately placed

13   on suicide precautions.  It was noted that Matt was "suicidal with a specific plan."  An order was

14   entered for an ER Counselor consult, and Matt was visually observed every fifteen minutes.

15        53.    At 5:21 Defendant Schaumberg entered an initial note, which described the phone

16   call made by Anders that detailed Matt's history of mental illness, including acute suicidality, a

17   suicide plan, and previous attempts.

18        54.    While Matt was an involuntary patient at Valley Medical Center, Defendant

19   Thomasseau performed and completed a woefully incompetent psychiatric evaluation and

20   concluded that Matt was "homeless, unemployed, plus unable to locate cell phone."

21        55.    Because Matt was an involuntary patient at Valley Medical Center, the hospital

22   and its employees and contractors had an affirmative duty to protect him from self-harm.

23        56.    At 8:54 a.m. Defendant Thomasseau called Anders and told him that he did not

24   believe his analysis of Matt's acute suicidality.  Defendant Thomasseau told Anders that Matt

25   COMPLAINT - 12

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1   was not currently suicidal and that he therefore could not hold him.  Defendant Thomasseau then

2   transferred the call to Matt.  Anders could tell that Matt was very upset and was still acutely

3   suicidal with an active plan.  Anders tried to convince Matt to accept help, but Matt refused.

4   Matt was irrationally concerned about the location of his phone and there was nothing Anders

5   could say to Matt to convince him to self-admit or to Defendant Thomasseau that would allow

6   him stay at the Valley Medical Center.

7        57.     At 9:00 a.m. a psychiatric evaluation described Matt's "present problems" as

8   recently breaking up with his girlfriend and that Matt had recently told Anders that he was

9   traveling to Florida to commit suicide.

10       58.     At 9:13 a.m. Defendant Thomasseau called Anders again, this call lasted for 54

11  minutes.  Anders again detailed Matt's mental health history to Defendant Thomasseau and his

12  acute suicidality with an active plan.  Anders explained that Matt thought he had nothing to live

13  for, that he viewed his previous suicide attempts as failures because he "chickened out."  Anders

14  knew that Matt was determined to follow through this time.  Defendant Thomasseau disregarded

15  the information from Anders, the paramedics, and the fact he was rated as "high risk" just hours

16  earlier.  Anders stressed to Defendant Thomasseau that Matt uses his charm and intelligence to

17  hide his mental illness.  Defendant Thomasseau responded, "Yeah, I can see that," but still stated

18  that Matt was not suicidal.  Anders explained that Matt had no support system in Seattle and no

19  phone to contact anyone for help.  Anders' plea fell on deaf ears; Defendant Thomasseau ignored

20  Matt's obvious and known suicide risk factors.

21       59.     At 10:21 a.m. Defendant Thomasseau made the decision to have Matt discharged

22  to Valley Medical Center's lobby without a phone, without a support system, and without a

23  discharge plan.

24

25  COMPLAINT - 13

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

60. A 11:11 a.m. a suicide risk assessment was completed that showed Matt "had suicide thoughts within the past month, but 'no' actual suicide behavior within the past 3 months." This contradicted the information received from Anders, the paramedics that brought Matt to Valley Medical Center, and any and all historical or clinical information that was available to Valley Medical Center.

61. Despite Defendant Thomasseau documenting Matt's prior "voluntary hospitalization" in 2015 in Alaska, and history of mental health treatment, and his phone call with Anders that revealed that Matt had a significant history of "trauma, mental health issues, and planned for suicide for many years," this history was not entered or referenced in the suicide risk assessment. Furthermore, the ambulance report that documented that Matt "was having SI (suicide ideation) for a while now, over a week" and stated he was a "danger to self/others" was not mentioned. These actions were a violation of, at a minimum, WAC 246-320-281(7).

62. Anders told Defendant Thomasseau that Leslie's plane was landing at SeaTac in just two hours and he begged Defendant Thomasseau to hold Matt until Leslie could get there. Had Defendant Thomasseau waited just two hours, Matt would have been discharged into the care of his mother, not the lobby of Valley Medical Center. Anders told Defendant Thomasseau that Leslie had always been able to connect with Matt and "bring him back" from the edge of suicide. Ander's pleas fell on deaf ears and Matt was released in the midst of a suicidal crisis to the lobby without a support system.

63. Defendant Thomasseau ignored Matt's mental health history, the information provided by Anders, the ambulance report, and the assessment completed a few hours earlier that listed him as "high risk" and "suicidal with a specific plan." Instead Defendant Thomasseau decided that holding Matt would be "a poor use of limited resources." This decision cost Matt his life.

COMPLAINT - 14

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

64.     At 11:24 a.m. Matt was discharged to the lobby, without a discharged destination or discharge provider listed.  Knowing Matt had no cell phone or support system in Seattle, he was given a cab company number.  Just hours after being admitted to Valley Medical Center and deemed "suicidal" with "a specific plan," Matt was released to the lobby.

65.     Matt committed suicide within two hours of being discharged to the lobby of Valley Medical Center—a few minutes before Leslie's plane landed at SeaTac Airport.

66.     Upon arrival, Leslie was informed that Matt had committed suicide.

67.     Matt had a loving, supporting family that was willing and committed to helping him in any way they could. But Defendants took away their ability to help Matt when they released him to the lobby despite a known suicide risk and active plan without a support system or discharge plan in place.

68.     In March of 2017, Bob filed a complaint with the Washington State Department of Health regarding Valley Medical Center's treatment and untimely discharge of Matt on December 3, 2016.

69.     On July 6, 2017, the Washington State Department of Health notified Bob that "[a]fter careful consideration of the records and information obtained during our investigation, we have determined there is cause for corrective action against Valley Medical Center."  The investigative report[1] provided "[t]he allegation that [Valley Medical Center] did not complete an in-depth suicide assessment, plan of care or appropriate discharge disposition was substantiated."  Moreover, this was a "violation of state law for acute care hospitals at WAC 246-320."

70.     The report also found that Defendant Valley Medical Center "failed to ensure emergency room intervention team (ERIT) staff completed an in-depth assessment and plan of care for [Matt] that involved an untimely discharge which lead to the [Matt's] suicide two hours

---

[1] A true and correct copy of this document is attached hereto as Exhibit A.

COMPLAINT - 15

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    after discharge." Moreover, "[n]o documentation could be found outlining an in-depth

2    psychiatric history, recommendations or discharge plan as listed in [Valley Medical Center's]

3    ERIT job responsibilities."

4         71.    In addition, Defendant Valley Medical Center and Valley Board Defendants have

5    maintained policies, customs, and procedures that were unconstitutional and fell far below the

6    quality of care known and understood by reasonable and prudent Public Hospital District

7    administrators and operators.   Upon information and belief, Defendant Valley Medical Center

8    and Valley Board Defendants maintained the following policies, customs, and established

9    practices, each of which put Matt at an increased risk of serious harm and death:

10        a.   failed to adequately train officers and employees in suicide prevention;

11        b.   failed to train employees to properly evaluate patient's suicidality, using the
             patient's past mental history and information provided by a patient's family;

12

13        c.   failed to train employees to properly document patient's suicidality;

        d.   failed to create systems of information sharing, communication, and clearly
14            delineated roles and lines of authority for employees;

15        e.   failed to provide sufficient resources to provide for the necessary medical care for
             patients;

16

17        f.   caused, permitted, and allowed a custom and practice of continued and persistent
             deviations from policies and procedures;

18        g.   maintained a policy of underfunding, that resulted in understaffing, economy-
             grade employees and an inability to implement suicide evaluations;

19

20        h.   maintained a policy of "patient dumping," whereby when a hospital releases a
             patient to the streets rather than keeping them or connecting them with needed
             social services in order to save costs;

21

22        i.   maintained a policy of undertraining;

23        j.   maintained a policy of allowing under-qualified mental healthcare providers to
             make serious medical decisions;

24        k.   maintained a policy of discharging patients with no discharge plan in place;

25   COMPLAINT - 16

l.  maintained a policy of ignoring information that detailed the suicidality of patients;

m.  maintained a policy of using cursory mental health and suicide screening that failed to meet the standards of a reasonable health care provider;

n.  maintained a policy of ignoring and refusing to implement relatively inexpensive suicide prevention and evaluation measures;

o.  failed to adequately staff the hospital facility;

all of which amounts to negligence and deliberate indifference to the known and/or obvious risk of suicide of patients that are involuntarily committed, including Matt.

72.     It is well known to mental health professionals that "[f]ailure to complete and communicate a high risk assessment for a suicide patient can lead to a patient's self-harm, harm to others or death."

73.     Defendants failed to perform their job duties and as result Matt was untimely discharged and killed himself within two hours of discharge, just minutes before his mother's plane landed at SeaTac airport.

## V.     FIRST CAUSE OF ACTION – 42 U.S.C. § 1983

74.     Defendant Valley Medical Center is a public hospital district.  Public hospital districts are governmental entities created by state law.  Therefore, Defendant Valley Medical Center is a government entity acting under color of state law.

75.     The acts and failure to act described above were done under color of law and are in violation of 42 U.S.C. § 1983, depriving Matt and Plaintiffs Leslie and Bob Bell of their civil rights.

76.     Because Matt was involuntarily committed to state custody, a special relationship arose between Matt and the Defendants such that Defendants had an obligation and affirmative duty to protect Matt from known risks of serious harm and death, including suicide.

COMPLAINT - 17

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

77.     Defendant Valley Medical Center and Valley Board Defendants knew of and disregarded the excessive risk to patient's health and safety caused by Valley Medical Center's inadequate formal and informal polices, including a lack of training, funding, and supervision.

78.     Defendant Valley Medical Center and Valley Board Defendants were responsible for a policy, practice, or custom of maintaining a longstanding constitutionally deficient mental health care, and training thereon, which placed patients like Matt at a substantial risk for harm.

79.     Defendants were subjectively aware that Matt was suicidal, in the midst of a mental health crisis.  From this evidence, a reasonable mental health professional would have been compelled to infer that a substantial risk of serious harm existed.  Indeed, Defendants did infer that a substantial risk of serious harm existed but failed to take any steps to alleviate this risk.  As a result, Matt was untimely discharged and died.

80.     Defendants displayed deliberate indifference when they ignored Matt's status as "high risk" by the C-SSRS screening and explicit requests from Matt's family to treat Matt's mental health crisis and depression.

81.     Defendants knew that a failure to develop a comprehensive discharge plan for suicide ideation patients, like Matt, can lead to a patient's self-harm, harm to others, or death.

82.     Matt's untimely discharge to the lobby of Valley Medical Center was a "violation of state law for acute care hospitals at WAC 246-320."

83.     Defendants "failed to ensure emergency room intervention team (ERIT) staff completed an in-depth assessment and plan of care for [Matt] that involved an untimely discharge which lead to the [Matt's] suicide two hours after discharge."

84.     As a direct and proximate result of the deliberate indifference of Defendants, as described above and in other respects as well, Matt died a terrible and easily preventable death. He suffered pre-death pain, anxiety, and terror, and left behind a loving family.

COMPLAINT - 18

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

85.     As a direct and proximate result of the deliberate indifference of Defendants, Plaintiffs have suffered the loss of familial association with Matt, in violation of their Constitutional rights.  Plaintiffs have suffered and continue to suffer extreme grief and harm due to mental and emotional distress as a result of Matt's wrongful death.

86.     Defendants have shown reckless and careless disregard and indifference to patient's rights and safety, and are therefore subject to an award of punitive damages to deter such conduct in the future.

## VI.     SECOND CAUSE OF ACTION – 42 U.S.C. § 12132, *et seq.*

87.     Defendants, as supervised and controlled by their final policy makers, discriminated against Matt by reason of his mental illness disability, denying him the benefits of the services programs and activities to which he was entitled as a person with a mental illness, including but not limited to the right to be free of discriminatory or disparate treatment by virtue of his mental illness.

88.     As a result, Matt suffered harm in violation of his rights under Title II of the American's with Disabilities Act, 42 U.S.C. § 12132.

89.     Defendants were deliberately indifferent to Matt's serious mental health crisis. Defendants had actual knowledge of Matt's substantial suicidal risk and they responded with deliberate indifference by failing to communicate or document his mental health record accurately and failing to take reasonable steps to prevent his untimely discharge.

90.     The violation of Matt's rights resulted from Valley Medical Center policy or custom adopted or maintained with deliberate indifference.

91.     Because Matt was involuntarily committed to state custody, a special relationship arose between Matt and the Defendants such that Defendants had an obligation and affirmative duty to protect Matt from known risks of serious harm and death, including suicide.

COMPLAINT - 19

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

92.     As a direct and proximate result of the deliberate indifference of Defendants, as described above and in other respects as well, Matt died a terrible and easily preventable death. He suffered pre-death pain, anxiety, and terror, and left behind a loving family.

## VII.   THIRD CAUSE OF ACTION – MEDICAL NEGLIGENCE

93.     Defendant Valley Medical Center, by and through its employees including Defendants Schaumberg, Thomasseau, Alexander, Goon, and Doe, owed Matt a duty to follow the accepted standard of care in treating his mental illness as required by RCW 7.70.030.

94.     Defendants negligently provided treatment to Matt in violation of RCW 7.70.030.

95.     As a proximate result of the failure to follow the standard of care to which Matt was entitled, prior to his death he consciously suffered enormously from depression and anxiety. On information and belief, Defendants' failure to follow the standard of care not only caused enormous pre-death suffering, but also caused or contributed to his wrongful death.

96.     As a direct and proximate result of the Defendants' conduct, as alleged herein, Plaintiffs Leslie and Bob Bell have suffered a destruction and permanent impairment of their relationship with their son, a destruction of the parent/child relationship, including the loss of his love and affection all in an amount to be proven at the time of trial.

## VIII.   FOURTH CAUSE OF ACTION – GROSS NEGLIGENCE

97.     Defendant Valley Medical Center, by and through its employees including Defendants Schaumberg; Thomasseau, Alexander, Goon, and John Does, through common law, statute, regulation, and/or ordinance owed Plaintiffs a duty to provide mental health care that did not fall below the standard of care within the State of Washington.

98.     Defendants failed to provide mental health care that met the standard of care.

99.     As a proximate result of the aforesaid failure to follow the standard of care to which Matt was entitled, prior to his death he consciously suffered enormously from depression

COMPLAINT - 20

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1  and anxiety.  On information and belief, Defendants' failure to follow the standard of care not

2  only caused enormous pre-death suffering, but also caused or contributed to his wrongful death.

3      100.    As a direct and proximate result of the Defendants' conduct, as alleged herein,

4  Plaintiffs Leslie and Bob Bell have suffered a destruction and permanent impairment of their

5  relationship with their son, a destruction of the parent/child relationship, including the loss of his

6  love and affection all in an amount to be proven at the time of trial.

7      IX.    FIFTH CAUSE OF ACTION – CORPORATE NEGLIGENCE

8      101.    Defendant Valley Medical Center had a duty to select its employees with reasonable

9  care and to supervise all persons practicing medicine within its walls.

10     102.    Defendant Valley Medical Center breached that duty by failing to hire competent

11  and properly trained employees, oversee care, and implement safety policies designed to prevent

12  harm to patients.

13     103.    As a proximate result of the aforesaid failure to follow the standard of care to

14  which Matt was entitled, prior to his death he consciously suffered enormously from depression

15  and anxiety.  On information and belief, Defendant Valley Medical Center's failure to follow the

16  standard of care not only caused enormous pre-death suffering, but also caused or contributed to

17  his wrongful death.

18     104.    As a direct and proximate result of the Defendants Valley Medical Center's

19  conduct, as alleged herein, Plaintiffs Leslie and Bob Bell have suffered a destruction and

20  permanent impairment of their relationship with their son, a destruction of the parent/child

21  relationship, including the loss of his love and affection all in an amount to be proven at the time

22  of trial.

23                    X.    JURY DEMAND

24     105.    Plaintiffs hereby demands a jury.

25  COMPLAINT - 21

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

XI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays as follows:

1.    For judgment against the Defendants, jointly and severally;

2.    For general and special damages to include, but not restricted to, damages for emotional distress and mental anguish in amounts to be proven at trial;

3.    An award of Plaintiffs' expenses, costs, and reasonable attorneys' fees under 42 U.S.C. § 1983, and any other applicable provision of federal or state law;

4.    Any and all applicable interest on the judgment; and

5.    For such additional relief as the Court may deem just and proper.

DATED this 7th of May 2018.

GALANDA BROADMAN, PLLC

Gabriel S. Galanda, WSBA # 30331
Ryan D. Dreveskracht, WSBA #42593
Elisabeth J. Guard, WSBA # 52634
Attorneys for Plaintiffs
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: gabe@galandabroadman.com
Email: ryan@galandabroadman.com
Email: elisabeth@galandabroadman.com

COMPLAINT - 22

# Exhibit A

**STATE OF WASHINGTON**

## DEPARTMENT OF HEALTH

July 6, 2017

Robert Bell
Po Box 1492
Homer, AK 99603

Re: Investigation # WA00072120 / Case # 2017-3324

Dear Robert Bell:

Thank you for bringing your concerns about Valley Medical Center to our attention. The Department of Health has conducted a thorough investigation.

After careful consideration of the records and information obtained during our investigation, we have determined there is cause for corrective action against Valley Medical Center.

If you have further questions, please contact our office at 360-236-2962.

Sincerely,

Diane Sanders, Manager
Office of Investigations and Inspections
P.O. Box 47874
Olympia, WA 98504-7874

Enclosures

**INVESTIGATIVE REPORT**
**On-site**
**State Only**

**FACILITY:** UW Medicine/Valley Medical Center
**LOCATION:** Renton, WA 98055-5714
**LICENSE #:** HAC.FS.00000155
**MEDICARE #:** NA
**CASE (ILRS) #:** 2017-3324
**COMPLAINT #:** 72120
**SHELL #:** YM9P11
**DATE (S) OF INVESTIGATION:** 5/10/2017
**INVESTIGATOR(S):** Rosie Tillotson, RN, MSN Complaint Investigator

**ALLEGATIONS:** The complainant alleged that hospital staff did not follow policies regarding a patient who had a specific plan of suicide and that the patient should have been held for 72 hours. The patient was discharged from the emergency department (ED) 7 hours after being taken there and committed suicide at the airport 2 hours later.

**PROCESS:**
- The complainant was contacted on 4/17/2017 to clarify concerns of the complaint.
- I reviewed the patient's medical records relevant to this complaint.
- I toured the ED, interviewed staff and viewed the process for patients who present with complaints of suicide ideation/mental illness.
- I observed an ED video monitored room and reviewed the process for patients under continuous observation.
- I reviewed approved hospital Policies & Procedures: - ED triage, suicide risk screening & treatment, ER Counselor documentation for ED patients, suicide risk precautions, patient rights & responsibilities, ER Counselor discharge planning for ED patients, and reviewed ER Counselor job description.
- I reviewed the hospital's internal case review related to this complaint.
- I interviewed hospital staff: ED Director, Accreditation & Compliance Manager, ED Medical Director, Medical Staff Manager, and an ER Counselor.
- I reviewed ED personnel files for staff who provided care to the patient and confirmed completed training for crisis prevention.
- I reviewed the 2017 staff list of who completed suicide screening and treatment training.
- I reviewed 4 completed ED medical records on patients who received care for mental illness.

**SUMMARY OF FINDINGS:**

➢ Review of a medical record, showed a 43 year-old patient traveling back home to Alaska on 12/3/16. During a stop at the Seattle airport, the patient contacted a family member and voiced ideas of suicide. The airport police was contacted by the same family member and informed PD that the patient voiced thoughts of suicide. The PD located the patient in the airport and contacted emergency personnel. The ambulance report stated that the patient "was having SI (suicide ideation) for a while now, over a week" and described him/her as "danger to self/others." The patient was eventually transported to the hospital's ED by ambulance, in PD custody. The patient was triaged at 3:18 AM by a registered nurse, scored as "high risk" by C-SSRS screening and immediately placed under suicide precautions. An order for an ER Counselor consult was entered and the patient observed continuously with documentation every 15 minutes. A medical screening, assessment, evaluation and blood testing were performed. The patient was found to have a blood alcohol level of 96 and urine tested positive for benzodiazepine (used for treating anxiety). The patient was "medically cleared" by the ED provider at 4:25 AM.

➢ An initial entry by an ER counselor was timed at 5:21 AM. The note describes a phone call made by the counselor to the patient's family member. He/she details the patient's history of mental illness, including voicing, planning and attempting suicide, starting as a teenager. The family member also adds the last time the patient expressed thoughts of suicide was three weeks ago. A second counselor on the day shift performed and completed a psychiatric evaluation and wrote that the patient was "homeless, unemployed, plus unable to locate cell phone." A suicide risk assessment completed at 11:11 AM showed the patient has had suicide thoughts within the past month, but "no" actual suicide behavior within the past 3 months. The noted revealed a diagnosis of "depression" and the final entry as "disposition/referrals: DC lobby." There was no documentation found in either counselor's notes stating that family members were re- contacted to discuss plan of care or disposition.

➢ No documentation could be found in the medical record that focused on the special need for a disposition and discharge plan based on the patient's initial emotional and social assessment. No documentation could be found that family members were contacted prior to the patient's discharged to the "lobby." According to the patient's documented history of mental illness, homelessness, and missing cell phone, it was unclear if ED staff arranged transportation back to the airport or confirmed family members were flying to Seattle to pick up the patient. Two hours after discharge from the ED, the patient was found deceased at the Seattle airport.

➢ A psychiatric evaluation performed by an ER Counselor on 12/3/16 at 9:00 AM, described the patient's "present problems" as recently breaking up with boy/girlfriend and had recently called a family member telling him/her of thinking about traveling to Florida (boy/girlfriend resides) and "burning their boat and then hanging from the rigging." No documentation could be found referring to the ambulance's report that revealed current suicide thoughts. The ER Counselor

documented the patient's psychiatric history as "voluntary hospitalization during 2016 in Alaska," and history of therapies as "seen for panic attacks this spring." Documentation of a phone call earlier to a family member by a counselor, revealed that the patient has had a significant history of "trauma, mental health issues, and planned for suicide for many years." This history was not entered or referenced to in the psychiatric assessment. The counselor documented response to question, "significant child or social history" was entered as "NA." There was no reference to the counselor's telephone call to the family member who had significant knowledge of the patient's mental history, alleged that the patient has expressed intent to harm self and as a teenager when "the family came home to find him/her sitting in his/her room with a loaded gun." The psychiatric evaluation documentation ends with "summary of process." The counselor writes that the patient was "offered voluntary hospitalization" but the patient expressed concerned "that a hospitalization would be used against him/her in trying to get a license." The patient's cell phone could not be found in the ED and was missing. Documentation shows the patient was concerned about the missing phone and was wanting "to go to the airport to find his/her cellphone. I can't call my mom if I don't have that phone, I don't know her number." No additional documentation could be found, in the completed psychiatric evaluation related to ongoing suicide history or risk factors.  At 10:21 AM, the counselor wrote "disposition: DC lobby" this was the last entry in the psychiatric evaluation.

➢ No documentation could be found outlining an in-depth psychiatric history, recommendations or discharge plan as listed in the hospital's ER Counselor job responsibilities. No documentation could be found written by the counselor that he/she consulted with the ED physician regarding the patient's disposition.

**CONCLUSION:**
The allegation that the hospital did not complete an in-depth suicide assessment, plan of care or appropriate discharge disposition was substantiated.

**ACTION:**
A Statement of Deficiencies written. Apparent violation of state law for acute care hospitals at WAC 246-320

Page 3 of 3

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: 000089 | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED C 05/10/2017 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| VALLEY MEDICAL CENTER | 400 S 43RD ST RENTON, WA 98055 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B 000 | Initial Comments | B 000 | | |
| | STATE COMPLAINT INVESTIGATION | | 1. A written PLAN OF CORRECTION is required for each deficiency listed on the Statement of Deficiencies. | |
| | The Washington State Department of Health (DOH) in accordance with Washington Administrative Code (WAC), Chapter 246-320, conducted this health and safety survey. | | 2. EACH plan of correction statement must include the following: The regulation number and/or the tag number; HOW the deficiency will be corrected; WHO is responsible for making the correction WHAT will be done to prevent reoccurrence and how you will monitor for continued compliance; and WHEN the correction will be completed. | |
| | Onsite dates: 05/10/17 Examination number: 2017- 3324 Intake number: 72120 | | | |
| | The survey was conducted by: Rosie Tillotson, RN, MSN | | | |
| | | | 3. Your PLANS OF CORRECTION must be returned within 10 calendar days from the date you receive the Statement of Deficiencies.Your Plans of Correction must be postmarked by June 16, 2017. | |
| | | | 4. Return the ORIGINAL REPORT with the required signatures. | |
| B1230 | WAC 246-320-226(5)(c) Patient Care Svcs-Discharge Planning | B1230 | | 7/10/17 |
| | Hospitals must: (5) Complete and document an initial assessment of each patient's physical condition, emotional, and social needs in the medical record.  Initial assessment includes: (c) Need for discharge planning; | | | |

| LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE | TITLE | (X6) DATE 06/14/17 |
|---|---|---|

STATE FORM                    6899                    YM9P11                    If continuation sheet  1 of 8

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER.  000089 | (X2) MULTIPLE CONSTRUCTION A BUILDING _____  B WING _____ | (X3) DATE SURVEY COMPLETED  C 05/10/2017 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER  **VALLEY MEDICAL CENTER** | STREET ADDRESS, CITY, STATE, ZIP CODE  **400 S 43RD ST**  **RENTON, WA  98055** |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B1230 | Continued From page 2 | B1230 | | |
| | an Emergency Response Intervention Team (ERIT) consult and suicide precautions are instituted ..." Patients identified as "high risk" are placed in an exam room where they are constantly video monitored. The ERIT counselor assess the patient for specific factors "that may increase or decrease risk of suicide. The ERIT evaluates the "needs of patients, makes referrals ...may engage outside resources ...discusses plan of care with patient and families when appropriate ..." | | | |
| | 2. Review of Patient #1's medical record on 5/10/17 at 11:15 AM, showed a 43 year-old traveling back home to Alaska on 12/3/16. During a stop at the Seattle airport, the patient contacted a family member and voiced ideas of suicide. The airport police was contacted by the same family member and informed PD that the patient voiced thoughts of suicide. The PD located the patient in the airport and contacted emergency personnel. The ambulance report stated that the patient "was having SI (suicide ideation) for a while now, over a week" and described him/her as "danger to self/others." The patient was eventually transported to the hospital's ED by ambulance, in PD custody. The patient was triaged at 3:18 AM by a registered nurse, scored as "high risk" by C-SSRS screening and immediately placed under suicide precautions. An order for an ERIT consult was entered and the patient observed continuously with documentation every 15 minutes. A medical screening, assessment, evaluation and blood testing were performed. The patient was found to have a blood alcohol level of 96 and urine tested positive for benzodiazepine (used for treating anxiety). The patient was "medically cleared" by the ED provider at 4:25 AM. | | | |

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | | A. BUILDING: _____ | | |
| | 000089 | B. WING _____ | | C 05/10/2017 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| VALLEY MEDICAL CENTER | 400 S 43RD ST RENTON, WA 98055 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B1230 | Continued From page 1 | B1230 | | |
| | This Washington Administrative Code is not met as evidenced by: | | | |
| | Based on record review and review of hospital policies and procedures, the hospital failed to ensure emergency department (ED) staff developed a thorough discharge plan for a suicide ideation patient (Patient #1) that included family involvement which lead to the patient's suicide two hours after discharge. | | | |
| | Failure to develop a comprehensive discharge plan for a suicide ideation patient and without family input can lead to a patient's self-harm, harm to others or death. | | | |
| | Reference: Suicide Prevention Resource Center. Continuity of Care for Suicide Prevention: The Role of Emergency Departments. 2013. Waltham, MA: Education Development Center, Inc., "Discharge Planning. Develop thorough discharge plans for suicidal patients that include family involvement and making contact with outpatient providers. This approach to discharge planning can increase access to follow-up care and reduce rates of recidivism. Emergency care providers should consider the patient's individual barriers to accessing services after an ED visit such as concerns about stigma and financial barriers." | | | |
| | Findings include: | | | |
| | 1. Review of the hospital's policy titled, "SUICIDE RISK SCREENING AND TREATMENT," dated 12/2016 directs an ED triage nurse to "assess for suicide risk by completing the Columbia-Suicide Severity Rating Scale (C-SSRS). If the patient's chief complaint is suicidal ideation, the RN places | | | |

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | 000089 | A BUILDING: _____<br>B WING _____ | | C<br>05/10/2017 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| **VALLEY MEDICAL CENTER** | **400 S 43RD ST**<br>**RENTON, WA 98055** |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B1230 | Continued From page 3 | B1230 | | |
| | a. An ERIT consult was order during triage at 3:24 AM and an initial entry by a counselor (Staff A) was timed at 5:21 AM. The note describes a phone call made by the counselor to the patient's family member. He/she details the patient's history of mental illness, including voicing, planning and attempting suicide, starting as a teenager. The family member also adds the last time the patient expressed thoughts of suicide was three weeks ago.  The day shift counselor (Staff B) performed and completed a psychiatric evaluation and wrote that the patient was "homeless, unemployed, plus unable to locate cell phone." A suicide risk assessment completed by the counselor at 11:11 AM, showed that the patient has had suicide thoughts within the past month and within the past 3 months, "no" actual suicide behavior. The noted was completed, by Staff B with the diagnosis of "depression" and the final entry written as "disposition/referrals: DC lobby." There was no documentation found in either counselor's notes stating that family members were re- contacted to discuss plan of care or disposition. | | | |
| | 3. No documentation could be found in the medical record that focused on the special need for a disposition and discharge plan based on the patient's initial emotional and social assessment. No documentation could be found that family members were contacted prior to the patient's discharged to the "lobby." According to the patient's documented history of mental illness, homelessness, and missing cell phone, it was unclear if ED staff arranged transportation back to the airport or confirmed family members were flying to Seattle to pick up the patient. Two hours after discharge from the ED, the patient was found deceased at the Seattle airport. | | | |

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | | A. BUILDING _____ | | C |
| | **000089** | B. WING _____ | | **05/10/2017** |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| **VALLEY MEDICAL CENTER** | **400 S 43RD ST**<br>**RENTON, WA  98055** |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B1230 | Continued From page 4 | B1230 | | |
| B1675 | WAC 246-320-281(7) Emergency Svcs-Agency & Staff Communication | B1675 | | 7/10/17 |
| | If providing emergency services, hospitals must: (7) Assure communication with agencies and health care providers as indicated by patient condition; | | | |
| | This Washington Administrative Code  is not met as evidenced by: | | | |
| | Based on record review and review of hospital documents, the hospital failed to ensure emergency room intervention team (ERIT) staff completed an in-depth assessment and plan of care for a suicide patient (Patient #1) that involved an untimely discharge which lead to the patient's suicide two hours after discharge. | | | |
| | Failure to complete and communicate a high risk assessment for a suicide patient can lead to a patient's self-harm, harm to others or death. | | | |
| | Findings include: | | | |
| | 1.  Review of the hospital's policy titled, "ERIT Documentation on Patient Medical Records in the ED & the ERIT Log," Policy #101 dated 10/2010 showed direction for ERIT staff to document all patient assessments, interventions, plans, and dispositions. The policy outlines that a psychiatric evaluation should be done that includes, but not limited to: "1)patient complains of suicidal ideation and/or homicidal ideation ...3)family member or a person with significant knowledge of the patient alleges that the patient has expressed intent to | | | |

STATE FORM                                        6899                    YM9P11                              If continuation sheet  5 of 8

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | | A BUILDING _____ | | |
| | 000089 | B. WING _____ | | C 05/10/2017 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| VALLEY MEDICAL CENTER | 400 S 43RD ST RENTON, WA 98055 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B1675 | Continued From page 5 | B1675 | | |
| | harm self or others and requests further assistance on behalf of the patient ..." An evaluation is performed by interviewing the patient and record chief complaint, precipitation events, signs and symptoms, history, risk factors, current care, recommendations and treatment/discharge plan. | | | |
| | 2. Review of Patient #1's medical record on 5/10/17 at 11:15 AM, showed a 43 year-old traveling back home to Alaska on 12/3/16. During a stop at the Seattle airport, the patient contacted a family member and voiced ideas of suicide. The airport police was contacted by the same family member and informed PD that the patient voiced thoughts of suicide. The PD located the patient in the airport and contacted emergency personnel. The ambulance report stated that the patient "was having SI (suicide ideation) for a while now, over a week" and described him/her as "danger to self/others." The patient was eventually transported to the hospital's ED by ambulance, in PD custody. The patient was triaged at 3:18 AM by a registered nurse, scored as "high risk" by C-SSRS screening and immediately placed under suicide precautions. An order for an ERIT consult was entered and the patient observed continuously with documentation every 15 minutes. A medical screening, assessment, evaluation and blood testing were performed. The patient was found to have a blood alcohol level of 96 and urine tested positive for benzodiazepine (used for treating anxiety). The patient was "medically cleared" by the ED provider at 4:25 AM. | | | |
| | 3. A review of the ERIT (Staff B) psychiatric evaluation performed on 12/3/16 at 9:00 AM, described the patient's "present problems" as recently breaking up with boy/girlfriend and had | | | |

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | 000089 | A. BUILDING _____ B. WING _____ | | C 05/10/2017 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| VALLEY MEDICAL CENTER | 400 S 43RD ST RENTON, WA 98055 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B1675 | Continued From page 6 | B1675 | | |
| | recently called a family member telling him/her of thinking about traveling to Florida (boy/girlfriend resides) and "burning their boat and then hanging from the rigging." No documentation could be found referring to the ambulance's report that revealed current suicide thoughts. The ERIT documented the patient's psychiatric history as "voluntary hospitalization during 2016 in Alaska," and history of therapies as "seen for panic attacks this spring." Documentation of a phone call earlier to a family member by Staff A, revealed that the patient has had a significant history of "trauma, mental health issues, and planned for suicide for many years." This history was not entered or referenced to in the psychiatric assessment. Staff B's documented response to question, "significant child or social history" was entered as "NA." There was no reference to Staff A's telephone call to the family member who had significant knowledge of the patient's mental history, alleged that the patient has expressed intent to harm self and as a teenager when "the family came home to find him/her sitting in his/her room with a loaded gun." The psychiatric evaluation documentation ends with "summary of process," Staff B writes that the patient was "offered voluntary hospitalization" but the patient expressed concerned "that a hospitalization would be used against him/her in trying to get a license." The patient's cell phone could not be found in the ED and was missing. Documentation shows the patient was concerned about the missing phone and was wanting "to go to the airport to find his/her cellphone. I can't call my mom if I don't have that phone, I don't know her number." No additional documentation can be found, in the completed psychiatric evaluation related to ongoing suicide history or risk factors. At 10:21 AM, Staff B wrote "disposition: DC lobby" this was the last entry in the psychiatric | | | |

PRINTED: 07/06/2017
FORM APPROVED

State of Washington

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER:<br><br>000089 | (X2) MULTIPLE CONSTRUCTION<br>A BUILDING _____<br><br>B WING _____ | (X3) DATE SURVEY COMPLETED<br><br>C<br>05/10/2017 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER<br><br>**VALLEY MEDICAL CENTER** | STREET ADDRESS, CITY, STATE, ZIP CODE<br>**400 S 43RD ST**<br>**RENTON, WA  98055** |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| B1675 | Continued From page 7<br><br>evaluation.<br><br>No documentation could be found outlining an in-depth psychiatric history, recommendations or discharge plan as listed in the hospital's ERIT job responsibilities. No documentation could be found written by Staff B that he/she consulted with the ED physician regarding the patient's disposition. | B1675 | | |

STATE FORM                                    6699        YM9P11                              If continuation sheet  8 of 8

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO LISA BRANDENBURG** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

TO:    **LISA BRANDENBURG**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14   GALANDA BROADMAN, PLLC

15   s/Gabriel S. Galanda

16   Gabriel S. Galanda, WSBA # 30331
Ryan D. Dreveskracht, WSBA #42593
Elisabeth J. Guard, WSBA # 52634

17   Attorneys for Plaintiffs
P.O. Box 15146 Seattle, WA 98115

18   (206) 557-7509 Fax: (206) 299-7690
Email: gabe@galandabroadman.com

19   Email: ryan@galandabroadman.com
Email: elisabeth@galandabroadman.com

20

21

22

23

24

25   SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO BARBARA DRENNEN** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

TO:  **BARBARA DRENNEN**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1       In order to defend against this lawsuit, you must respond to the Complaint by stating your

2 defense in writing, and by serving a copy upon the person signing this summons within 20 days

3 (if service is made on you within the State of Washington) or within 60 days (if service is made

4 on you outside the State of Washington) after the date of the service on you of this Summons,

5 excluding the day of service, or a default judgment may be entered against you without notice.

6 A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7 not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8 notice before a default judgment may be entered.

9       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10 that your written response, if any, may be served on time.

11       THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12 State of Washington.

13       DATED this 7th of May 2018.

14                         GALANDA BROADMAN, PLLC

15                     s/Gabriel S. Galanda

16                     Gabriel S. Galanda, WSBA # 30331
                    Ryan D. Dreveskracht, WSBA #42593

17                     Elisabeth J. Guard, WSBA # 52634
                    Attorneys for Plaintiffs

18                     P.O. Box 15146 Seattle, WA 98115
                    (206) 557-7509 Fax: (206) 299-7690

19                     Email: gabe@galandabroadman.com
                    Email: ryan@galandabroadman.com

20                     Email: elisabeth@galandabroadman.com

21

22

23

24

25 SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO PETER EVANS** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

TO:  **PETER EVANS**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10    that your written response, if any, may be served on time.

11    THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12    State of Washington.

13    DATED this 7th of May 2018.

14                                             GALANDA BROADMAN, PLLC

15                                              s/Gabriel S. Galanda

16                                             Gabriel S. Galanda, WSBA # 30331
                                              Ryan D. Dreveskracht, WSBA #42593
                                              Elisabeth J. Guard, WSBA # 52634
17                                             Attorneys for Plaintiffs
                                              P.O. Box 15146 Seattle, WA 98115
18                                             (206) 557-7509 Fax: (206) 299-7690
                                              Email: gabe@galandabroadman.com
19                                             Email: ryan@galandabroadman.com
                                              Email: elisabeth@galandabroadman.com
20

21

22

23

24

25    SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10<br><br>Defendants. | NO. _____<br><br>**SUMMONS TO JIM GRIGGS** |

TO: **JIM GRIGGS**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1       In order to defend against this lawsuit, you must respond to the Complaint by stating your

2  defense in writing, and by serving a copy upon the person signing this summons within 20 days

3  (if service is made on you within the State of Washington) or within 60 days (if service is made

4  on you outside the State of Washington) after the date of the service on you of this Summons,

5  excluding the day of service, or a default judgment may be entered against you without notice.

6  A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7  not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8  notice before a default judgment may be entered.

9       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10  that your written response, if any, may be served on time.

11       THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12  State of Washington.

13       DATED this 7th of May 2018.

14                      GALANDA BROADMAN, PLLC

15                      s/Gabriel S. Galanda

16                    Gabriel S. Galanda, WSBA # 30331
                         Ryan D. Dreveskracht, WSBA #42593

17                    Elisabeth J. Guard, WSBA # 52634
                         Attorneys for Plaintiffs

18                    P.O. Box 15146 Seattle, WA 98115
                         (206) 557-7509 Fax: (206) 299-7690

19                    Email: gabe@galandabroadman.com
                         Email: ryan@galandabroadman.com

20                    Email: elisabeth@galandabroadman.com

21

22

23

24

25  SUMMONS - 2

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10<br><br>Defendants. | NO. _____<br><br>**SUMMONS TO GARY KOHLWES** |

TO:  **GARY KOHLWES**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14                                             GALANDA BROADMAN, PLLC

15                                              s/Gabriel S. Galanda

16                                             Gabriel S. Galanda, WSBA # 30331
                                              Ryan D. Dreveskracht, WSBA #42593
                                              Elisabeth J. Guard, WSBA # 52634
17                                             Attorneys for Plaintiffs
                                              P.O. Box 15146 Seattle, WA 98115
18                                             (206) 557-7509 Fax: (206) 299-7690
                                              Email: gabe@galandabroadman.com
19                                             Email: ryan@galandabroadman.com
                                              Email: elisabeth@galandabroadman.com
20

21

22

23

24

25   SUMMONS - 2
                                                        **Galanda Broadman PLLC**
                                                        8606 35th Avenue NE, Ste. L1
                                                        Mailing: P.O. Box 15146
                                                        Seattle, WA 98115
                                                        (206) 557-7509

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROBERT BELL, in his Personal Capacity and
as Administrator of the Estate of MATTHEW
BELL, deceased; and LESLIE BELL, in her
Personal Capacity,

Plaintiffs,

v.

KING COUNTY PUBLIC HOSPITAL
DISTRICT #1, d/b/a VALLEY MEDICAL
CENTER; ERIN ABOUDARA; BERNIE
DOCHNAHL; LISA BRANDENBURG;
BARBARA DRENNEN; PETER EVANS; JIM
GRIGGS; GARY KOHLWES; MIKE
MILLER; JULIA PATTERSON; VICKI
ORRICO; DONNA RUSSELL; TAMARA
SLEETER; ELIZABETH SCHAUMBERG;
MARK THOMASSEAU; WHITNEY
ALEXANDER; JEFFREY GOON; and JOHN
AND JANE DOES 1-10

Defendants.

NO.   _____

**SUMMONS TO MIKE MILLER**

TO:  **MIKE MILLER**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the

above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written

Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14                                          GALANDA BROADMAN, PLLC

15                                           s/Gabriel S. Galanda
                                          Gabriel S. Galanda, WSBA # 30331
16                                         Ryan D. Dreveskracht, WSBA #42593
                                          Elisabeth J. Guard, WSBA # 52634
17                                         Attorneys for Plaintiffs
                                          P.O. Box 15146 Seattle, WA 98115
18                                         (206) 557-7509 Fax: (206) 299-7690
                                          Email: gabe@galandabroadman.com
19                                         Email: ryan@galandabroadman.com
                                          Email: elisabeth@galandabroadman.com
20

21

22

23

24

25   SUMMONS - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FILED**

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROBERT BELL, in his Personal Capacity and
as Administrator of the Estate of MATTHEW
BELL, deceased; and LESLIE BELL, in her
Personal Capacity,

Plaintiffs,

v.

KING COUNTY PUBLIC HOSPITAL
DISTRICT #1, d/b/a VALLEY MEDICAL
CENTER; ERIN ABOUDARA; BERNIE
DOCHNAHL; LISA BRANDENBURG;
BARBARA DRENNEN; PETER EVANS; JIM
GRIGGS; GARY KOHLWES; MIKE
MILLER; JULIA PATTERSON; VICKI
ORRICO; DONNA RUSSELL; TAMARA
SLEETER; ELIZABETH SCHAUMBERG;
MARK THOMASSEAU; WHITNEY
ALEXANDER; JEFFREY GOON; and JOHN
AND JANE DOES 1-10

Defendants.

NO. _____

**SUMMONS TO JULIA PATTERSON**

TO: **JULIA PATTERSON**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the

above-entitled Court by the above-named Plaintiffs. Plaintiffs' claims are stated in the written

Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days (if service is made on you within the State of Washington) or within 60 days (if service is made on you outside the State of Washington) after the date of the service on you of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what has been asked for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 7th of May 2018.

GALANDA BROADMAN, PLLC

s/Gabriel S. Galanda

Gabriel S. Galanda, WSBA # 30331
Ryan D. Dreveskracht, WSBA #42593
Elisabeth J. Guard, WSBA # 52634
Attorneys for Plaintiffs
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: gabe@galandabroadman.com
Email: ryan@galandabroadman.com
Email: elisabeth@galandabroadman.com

SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO VICKI ORRICO** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

9

10

11

12

13

14

15

16

17

18

19

20

21

TO:  **VICKI ORRICO**

22

    YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the

23

above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written

24

Complaint, a copy of which is served upon you with this Summons.

25

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2  defense in writing, and by serving a copy upon the person signing this summons within 20 days

3  (if service is made on you within the State of Washington) or within 60 days (if service is made

4  on you outside the State of Washington) after the date of the service on you of this Summons,

5  excluding the day of service, or a default judgment may be entered against you without notice.

6  A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7  not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8  notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10  that your written response, if any, may be served on time.

11    THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12  State of Washington.

13    DATED this 7th of May 2018.

14                                                      GALANDA BROADMAN, PLLC

15                                                       s/Gabriel S. Galanda

16                                                      Gabriel S. Galanda, WSBA # 30331
                                                       Ryan D. Dreveskracht, WSBA #42593
17                                                      Elisabeth J. Guard, WSBA # 52634
                                                       Attorneys for Plaintiffs
18                                                      P.O. Box 15146 Seattle, WA 98115
                                                       (206) 557-7509 Fax: (206) 299-7690
19                                                      Email: gabe@galandabroadman.com
                                                       Email: ryan@galandabroadman.com
20                                                      Email: elisabeth@galandabroadman.com

21

22

23

24

25  SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO DONNA RUSSELL** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

TO:  **DONNA RUSSELL**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14                                                        GALANDA BROADMAN, PLLC

15                                                         s/Gabriel S. Galanda

16                                                        Gabriel S. Galanda, WSBA # 30331
                                                         Ryan D. Dreveskracht, WSBA #42593
                                                         Elisabeth J. Guard, WSBA # 52634
17                                                       Attorneys for Plaintiffs
                                                         P.O. Box 15146 Seattle, WA 98115
18                                                       (206) 557-7509 Fax: (206) 299-7690
                                                         Email: gabe@galandabroadman.com
19                                                       Email: ryan@galandabroadman.com
                                                         Email: elisabeth@galandabroadman.com
20

21

22

23

24

25   SUMMONS - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FILED**

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROBERT BELL, in his Personal Capacity and
as Administrator of the Estate of MATTHEW
BELL, deceased; and LESLIE BELL, in her
Personal Capacity,

Plaintiffs,

v.

KING COUNTY PUBLIC HOSPITAL
DISTRICT #1, d/b/a VALLEY MEDICAL
CENTER; ERIN ABOUDARA; BERNIE
DOCHNAHL; LISA BRANDENBURG;
BARBARA DRENNEN; PETER EVANS; JIM
GRIGGS; GARY KOHLWES; MIKE
MILLER; JULIA PATTERSON; VICKI
ORRICO; DONNA RUSSELL; TAMARA
SLEETER; ELIZABETH SCHAUMBERG;
MARK THOMASSEAU; WHITNEY
ALEXANDER; JEFFREY GOON; and JOHN
AND JANE DOES 1-10

Defendants.

NO. _____

**SUMMONS TO TAMARA SLEETER**

TO: **TAMARA SLEETER**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the

above-entitled Court by the above-named Plaintiffs. Plaintiffs' claims are stated in the written

Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14   GALANDA BROADMAN, PLLC

15   s/Gabriel S. Galanda

16   Gabriel S. Galanda, WSBA # 30331
     Ryan D. Dreveskracht, WSBA #42593
     Elisabeth J. Guard, WSBA # 52634

17   Attorneys for Plaintiffs
     P.O. Box 15146 Seattle, WA 98115

18   (206) 557-7509 Fax: (206) 299-7690
     Email: gabe@galandabroadman.com

19   Email: ryan@galandabroadman.com
     Email: elisabeth@galandabroadman.com

20

21

22

23

24

25   SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 <br><br> Defendants. | NO. _____ <br><br> **SUMMONS TO ELIZABETH SCHAUMBERG** |

TO:  **ELIZABETH SCHAUMBERG**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2 defense in writing, and by serving a copy upon the person signing this summons within 20 days

3 (if service is made on you within the State of Washington) or within 60 days (if service is made

4 on you outside the State of Washington) after the date of the service on you of this Summons,

5 excluding the day of service, or a default judgment may be entered against you without notice.

6 A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7 not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8 notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10 that your written response, if any, may be served on time.

11    THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12 State of Washington.

13    DATED this 7th of May 2018.

14                                                        GALANDA BROADMAN, PLLC

15                                                         s/Gabriel S. Galanda

16                                                        Gabriel S. Galanda, WSBA # 30331
                                                         Ryan D. Dreveskracht, WSBA #42593
17                                                        Elisabeth J. Guard, WSBA # 52634
                                                         Attorneys for Plaintiffs
18                                                        P.O. Box 15146 Seattle, WA 98115
                                                         (206) 557-7509 Fax: (206) 299-7690
19                                                        Email: gabe@galandabroadman.com
                                                         Email: ryan@galandabroadman.com
20                                                        Email: elisabeth@galandabroadman.com

21

22

23

24

25 SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO MARK THOMASSEAU** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

TO:  **MARK THOMASSEAU**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14                                                  GALANDA BROADMAN, PLLC

15                                                   s/Gabriel S. Galanda

16                                                  Gabriel S. Galanda, WSBA # 30331
                                                    Ryan D. Dreveskracht, WSBA #42593
                                                    Elisabeth J. Guard, WSBA # 52634
17                                                  Attorneys for Plaintiffs
                                                    P.O. Box 15146 Seattle, WA 98115
18                                                  (206) 557-7509 Fax: (206) 299-7690
                                                    Email: gabe@galandabroadman.com
19                                                  Email: ryan@galandabroadman.com
                                                    Email: elisabeth@galandabroadman.com
20

21

22

23

24

25   SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO WHITNEY ALEXANDER** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

TO: **WHITNEY ALEXANDER**

   YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1      In order to defend against this lawsuit, you must respond to the Complaint by stating your

2  defense in writing, and by serving a copy upon the person signing this summons within 20 days

3  (if service is made on you within the State of Washington) or within 60 days (if service is made

4  on you outside the State of Washington) after the date of the service on you of this Summons,

5  excluding the day of service, or a default judgment may be entered against you without notice.

6  A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7  not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8  notice before a default judgment may be entered.

9      If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10  that your written response, if any, may be served on time.

11      THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12  State of Washington.

13      DATED this 7th of May 2018.

14                          GALANDA BROADMAN, PLLC

15                       s/Gabriel S. Galanda

16                       Gabriel S. Galanda, WSBA # 30331
                          Ryan D. Dreveskracht, WSBA #42593

17                       Elisabeth J. Guard, WSBA # 52634
                          Attorneys for Plaintiffs

18                       P.O. Box 15146 Seattle, WA 98115
                          (206) 557-7509 Fax: (206) 299-7690

19                       Email: gabe@galandabroadman.com
                          Email: ryan@galandabroadman.com

20                       Email: elisabeth@galandabroadman.com

21

22

23

24

25  SUMMONS - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity,

Plaintiffs,

v.

KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10

Defendants.

NO. _____

**SUMMONS TO JEFFREY GOON**

TO:  **JEFFREY GOON**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1      In order to defend against this lawsuit, you must respond to the Complaint by stating your

2  defense in writing, and by serving a copy upon the person signing this summons within 20 days

3  (if service is made on you within the State of Washington) or within 60 days (if service is made

4  on you outside the State of Washington) after the date of the service on you of this Summons,

5  excluding the day of service, or a default judgment may be entered against you without notice.

6  A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7  not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8  notice before a default judgment may be entered.

9      If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10  that your written response, if any, may be served on time.

11      THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12  State of Washington.

13      DATED this 7th of May 2018.

14                      GALANDA BROADMAN, PLLC

15                      s/Gabriel S. Galanda

16                      Gabriel S. Galanda, WSBA # 30331
                      Ryan D. Dreveskracht, WSBA #42593

17                      Elisabeth J. Guard, WSBA # 52634
                      Attorneys for Plaintiffs

18                      P.O. Box 15146 Seattle, WA 98115
                      (206) 557-7509 Fax: (206) 299-7690

19                      Email: gabe@galandabroadman.com
                      Email: ryan@galandabroadman.com

20                      Email: elisabeth@galandabroadman.com

21

22

23

24

25  SUMMONS - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROBERT BELL, in his Personal Capacity and
as Administrator of the Estate of MATTHEW
BELL, deceased; and LESLIE BELL, in her
Personal Capacity,

Plaintiffs,

v.

KING COUNTY PUBLIC HOSPITAL
DISTRICT #1, d/b/a VALLEY MEDICAL
CENTER; ERIN ABOUDARA; BERNIE
DOCHNAHL; LISA BRANDENBURG;
BARBARA DRENNEN; PETER EVANS; JIM
GRIGGS; GARY KOHLWES; MIKE
MILLER; JULIA PATTERSON; VICKI
ORRICO; DONNA RUSSELL; TAMARA
SLEETER; ELIZABETH SCHAUMBERG;
MARK THOMASSEAU; WHITNEY
ALEXANDER; JEFFREY GOON; and JOHN
AND JANE DOES 1-10

Defendants.

NO.   _____

**SUMMONS TO KING COUNTY
PUBLIC HOSPITAL DISTRICT #1
D/B/A VALLEY MEDICAL CENTER**

TO:   **KING COUNTY PUBLIC HOSPITAL DISTRICT #1 D/B/A VALLEY MEDICAL
CENTER**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the

above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written

Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14                              GALANDA BROADMAN, PLLC

15   s/Gabriel S. Galanda

16   Gabriel S. Galanda, WSBA # 30331
     Ryan D. Dreveskracht, WSBA #42593
     Elisabeth J. Guard, WSBA # 52634
17   Attorneys for Plaintiffs
     P.O. Box 15146 Seattle, WA 98115
18   (206) 557-7509 Fax: (206) 299-7690
     Email: gabe@galandabroadman.com
19   Email: ryan@galandabroadman.com
     Email: elisabeth@galandabroadman.com
20

21

22

23

24

25   SUMMONS - 2

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _____ |
| | **SUMMONS TO ERIN ABOUDARA** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1, d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

TO:   **ERIN ABOUDARA**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2  defense in writing, and by serving a copy upon the person signing this summons within 20 days

3  (if service is made on you within the State of Washington) or within 60 days (if service is made

4  on you outside the State of Washington) after the date of the service on you of this Summons,

5  excluding the day of service, or a default judgment may be entered against you without notice.

6  A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7  not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8  notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10  that your written response, if any, may be served on time.

11    THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12  State of Washington.

13    DATED this 7th of May 2018.

14    GALANDA BROADMAN, PLLC

15    s/Gabriel S. Galanda

16  Gabriel S. Galanda, WSBA # 30331
    Ryan D. Dreveskracht, WSBA #42593
    Elisabeth J. Guard, WSBA # 52634
17  Attorneys for Plaintiffs
    P.O. Box 15146 Seattle, WA 98115
18  (206) 557-7509 Fax: (206) 299-7690
    Email: gabe@galandabroadman.com
19  Email: ryan@galandabroadman.com
    Email: elisabeth@galandabroadman.com
20

21

22

23

24

25  SUMMONS - 2

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

FILED

18 MAY 14 PM 4:03

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO.   18-2-11697-0 KNT |
| | **SUMMONS TO LAWTON MONTGOMERY** |
| Plaintiffs, | |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT #1 d/b/a VALLEY MEDICAL CENTER; ERIN ABOUDARA; BERNIE DOCHNAHL; LISA BRANDENBURG; BARBARA DRENNEN; PETER EVANS; JIM GRIGGS; GARY KOHLWES; MIKE MILLER; JULIA PATTERSON; VICKI ORRICO; DONNA RUSSELL; TAMARA SLEETER; ELIZABETH SCHAUMBERG; MARK THOMASSEAU; WHITNEY ALEXANDER; JEFFREY GOON; LAWTON MONTGOMERY and JOHN AND JANE DOES 1-10 | |
| Defendants. | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

TO:  **LAWTON MONTGOMERY**

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2  defense in writing, and by serving a copy upon the person signing this summons within 20 days

3  (if service is made on you within the State of Washington) or within 60 days (if service is made

4  on you outside the State of Washington) after the date of the service on you of this Summons,

5  excluding the day of service, or a default judgment may be entered against you without notice.

6  A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7  not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8  notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10  that your written response, if any, may be served on time.

11    THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12  State of Washington.

13    DATED this 14th of May 2018.

14                                           GALANDA BROADMAN, PLLC

15                                            s/Gabriel S. Galanda

16                                           Gabriel S. Galanda, WSBA # 30331
                                             Ryan D. Dreveskracht, WSBA #42593
                                             Elisabeth J. Guard, WSBA # 52634
17                                           Attorneys for Plaintiffs
                                             P.O. Box 15146 Seattle, WA 98115
18                                           (206) 557-7509 Fax: (206) 299-7690
                                             Email: gabe@galandabroadman.com
19                                           Email: ryan@galandabroadman.com
                                             Email: elisabeth@galandabroadman.com
20

21

22

23

24

25  SUMMONS - 2

1

FILED

2

18 MAY 25 AM 10: 39

3

KING COUNTY
SUPERIOR COURT CLERK
KENT. WA

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

| | |
|---|---|
| ROBERT BELL, in his Personal Capacity and as Administrator of the Estate of MATTHEW BELL, deceased; and LESLIE BELL, in her Personal Capacity, | NO. _18-2-11697-0_ KNT |
| | **SUMMONS TO JEFFREY GOON** |

9

10

11

Plaintiffs,

12

v.

13

KING COUNTY PUBLIC HOSPITAL
DISTRICT #1, d/b/a VALLEY MEDICAL
CENTER; ERIN ABOUDARA; BERNIE
DOCHNAHL; LISA BRANDENBURG;
BARBARA DRENNEN; PETER EVANS; JIM
GRIGGS; GARY KOHLWES; MIKE
MILLER; JULIA PATTERSON; VICKI
ORRICO; DONNA RUSSELL; TAMARA
SLEETER; ELIZABETH SCHAUMBERG;
MARK THOMASSEAU; WHITNEY
ALEXANDER; JEFFREY GOON; and JOHN
AND JANE DOES 1-10

14

15

16

17

18

19

20

Defendants.

21

TO: **JEFFREY GOON**

22

YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the

23

above-entitled Court by the above-named Plaintiffs. Plaintiffs' claims are stated in the written

24

Complaint, a copy of which is served upon you with this Summons.

25

SUMMONS - 1

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days (if service is made on you within the State of Washington) or within 60 days (if service is made on you outside the State of Washington) after the date of the service on you of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 7th of May 2018.

GALANDA BROADMAN, PLLC

s/Gabriel S. Galanda

Gabriel S. Galanda, WSBA # 30331
Ryan D. Dreveskracht, WSBA #42593
Elisabeth J. Guard, WSBA # 52634
Attorneys for Plaintiffs
P.O. Box 15146 Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: gabe@galandabroadman.com
Email: ryan@galandabroadman.com
Email: elisabeth@galandabroadman.com

SUMMONS - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FILED

18 MAY 08 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-11697-0 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROBERT BELL, in his Personal Capacity and
as Administrator of the Estate of MATTHEW
BELL, deceased; and LESLIE BELL, in her
Personal Capacity,

Plaintiffs,

v.

KING COUNTY PUBLIC HOSPITAL
DISTRICT #1, d/b/a VALLEY MEDICAL
CENTER; ERIN ABOUDARA; BERNIE
DOCHNAHL; LISA BRANDENBURG;
BARBARA DRENNEN; PETER EVANS; JIM
GRIGGS; GARY KOHLWES; MIKE
MILLER; JULIA PATTERSON; VICKI
ORRICO; DONNA RUSSELL; TAMARA
SLEETER; ELIZABETH SCHAUMBERG;
MARK THOMASSEAU; WHITNEY
ALEXANDER; JEFFREY GOON; and JOHN
AND JANE DOES 1-10

Defendants.

NO. _____

**SUMMONS TO BERNIE
DOCHNAHL**

TO:    **BERNIE DOCHNAHL**

        YOU ARE HEREBY NOTIFIED that a lawsuit has been filed against you in the

above-entitled Court by the above-named Plaintiffs.  Plaintiffs' claims are stated in the written

Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

**Galanda Broadman PLLC**
8606 35th Avenue NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, WA 98115
(206) 557-7509

1    In order to defend against this lawsuit, you must respond to the Complaint by stating your

2    defense in writing, and by serving a copy upon the person signing this summons within 20 days

3    (if service is made on you within the State of Washington) or within 60 days (if service is made

4    on you outside the State of Washington) after the date of the service on you of this Summons,

5    excluding the day of service, or a default judgment may be entered against you without notice.

6    A default judgment is one where Plaintiff is entitled to what has been asked for because you have

7    not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

8    notice before a default judgment may be entered.

9    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

10   that your written response, if any, may be served on time.

11   THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

12   State of Washington.

13   DATED this 7th of May 2018.

14                                    GALANDA BROADMAN, PLLC

15                                     s/Gabriel S. Galanda

16                                    Gabriel S. Galanda, WSBA # 30331
                                      Ryan D. Dreveskracht, WSBA #42593
                                      Elisabeth J. Guard, WSBA # 52634
17                                    Attorneys for Plaintiffs
                                      P.O. Box 15146 Seattle, WA 98115
18                                    (206) 557-7509 Fax: (206) 299-7690
                                      Email: gabe@galandabroadman.com
19                                    Email: ryan@galandabroadman.com
                                      Email: elisabeth@galandabroadman.com

20

21

22

23

24

25   SUMMONS - 2